NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PHILIP MOSIER,                                    )
                                                  )
            Appellant,                            )
                                                  )
v.                                                )        Case No. 2D16-5457
                                                  )
STATE OF FLORIDA,                                 )
                                                  )
            Appellee.                             )
_____)

Opinion filed October 13, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Deno G. Economou,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.

Philip Mosier, pro se.


PER CURIAM.


        Philip Mosier appeals the order denying his motion to correct illegal

sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  The State

properly concedes that Mosier is entitled to reversal and remand for resentencing.

In his motion, Mosier argued that his concurrent sentences of thirty years' imprisonment followed by ten years' sexual offender probation for felony offenses he committed when he was sixteen years of age are unconstitutional under Graham v. Florida, 560 U.S. 48 (2010), and Henry v. State, 175 So. 3d 675 (Fla. 2015). In denying Mosier's motion, the postconviction court found that Mosier would be released at age forty-six at the latest and that he had the opportunity for earlier release through the accrual of gain time. Based on those findings, the court concluded that Mosier's sentences were not unconstitutional.

Since the issuance of the postconviction court's order, the supreme court has squarely refuted the postconviction court's conclusion:

> [P]ursuant to Henry, we must consider three factors when reviewing a juvenile nonhomicide offender's term-of-years sentence. Post–Henry, we must ensure that a juvenile nonhomicide offender does not receive a sentence that provides for release only at the end of a sentence (e.g. a 45–year sentence with no provision for obtaining early release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term, such as in Kelsey [v. State, 206 So. 3d 5 (Fla. 2016)]). Secondly, we must ensure that a juvenile nonhomicide offender who is sentenced post-Henry does not receive a sentence which includes early release that is not based on a demonstration of rehabilitation and maturity (i.e. gain time or other programs designed to relieve prison overpopulation). Last, we must ensure that a juvenile nonhomicide offender who is sentenced post-Henry does not receive a sentence that provides for early release at a time beyond his or her natural life (e.g. a 1,000-year sentence that provides parole-eligibility after the offender serves 100 years). To qualify as a "meaningful opportunity for early release," a juvenile nonhomicide offender's sentence must meet each of the three parameters described in Henry.

Johnson v. State, 215 So. 3d 1237, 1243 (Fla. 2017).

Accordingly, we reverse the postconviction court's order and remand for Mosier to be resentenced under the juvenile sentencing guidelines codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2016).  See Johnson, 215 So. 3d at 1243.

Reversed and remanded for resentencing.


KELLY, KHOUZAM, and BADALAMENTI, JJ., Concur.