IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

March 9, 2018

BRIAN CUEVAS,                    )
                                 )
         Appellant,              )
                                 )
v.                               )     Case No. 2D16-1122
                                 )
STATE OF FLORIDA,                )
                                 )
         Appellee.               )
_____  )

BY ORDER OF THE COURT:

Upon consideration of appellant's motion for rehearing, for rehearing en banc, for clarification, and for certification filed on January 25, 2017, together with supplemental briefing ordered by this court, it is

ORDERED that appellant's motion is granted in part and denied in part. This court's opinion dated December 9, 2016, is withdrawn, and the attached opinion is substituted therefor. Appellant's request for clarification and for certification is denied as moot. The relief sought in the request for rehearing is identical to the relief sought in the request for rehearing en banc. Because we have granted the request for rehearing and provided the relief sought, the request for rehearing en banc is denied as moot.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BRIAN CUEVAS,                                      )
                                                                    )
                      Appellant,                          )
                                                                    )
v.                                                                  )            Case No. 2D16-1122
                                                                    )
STATE OF FLORIDA,                              )
                                                                    )
                      Appellee,                           )
_____)


Opinion filed March 9, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Brian Cuevas, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.


            Brian Cuevas appeals the order summarily denying his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850(b)(2).  We

reverse and remand for resentencing.

In 2007, Cuevas entered guilty pleas to several nonhomicide offenses he committed when he was a juvenile. The trial court sentenced him to concurrent twenty-six-year terms of imprisonment. In his rule 3.850(b)(2) motion filed in 2015, Cuevas argued that his sentences are unconstitutional under Graham v. Florida, 560 U.S. 48 (2010), and Henry v. State, 175 So. 3d 675 (Fla. 2015). The postconviction court denied Cuevas's motion, finding that his sentences were not "currently unconstitutional" and that the supreme court had not held that the new juvenile sentencing guidelines set forth in chapter 14-220, Laws of Florida, were retroactive.

Since the postconviction court entered its order, the supreme court has clarified the application of Graham and Henry to juvenile sentences. In Kelsey v. State, 206 So. 3d 5, 8 (Fla. 2016), the court

> conclude[d] that [its] decision in Henry . . . requires that all juvenile offenders whose sentences meet the standard defined by the Legislature in chapter 2014-220, a sentence longer than twenty years, are entitled to judicial review. We therefore hold that all juveniles who have sentences that violate Graham are entitled to resentencing pursuant to chapter 2014-220, Laws of Florida, codified in sections 775.082, 921.1401 and 921.1402, Florida Statutes (2014).

Then in Johnson v. State, 215 So. 3d 1237, 1243 (Fla. 2017), the supreme court clarified that its "reasoning in Kelsey supports a reading of Henry that a juvenile offender's sentence must provide an opportunity for early release that is meaningful, based on a demonstration of maturity and rehabilitation, and during his or her natural life." The court explained that a juvenile nonhomicide offender's sentence must not provide for release only at the end of the sentence or at a time beyond his or her natural

life; the sentence must provide a meaningful opportunity for release based on a showing of maturity and rehabilitation.  Id.

We note that the State recently conceded that a juvenile offender sentenced to thirty years' imprisonment for nonhomicide offenses was entitled to resentencing under Johnson and Kelsey.  Mosier v. State, 42 Fla. L. Weekly D2181, D2181 (Fla. 2d DCA Oct. 13, 2017); accord Burrows v. State, 219 So. 3d 910, 911 (Fla. 5th DCA 2017) (noting that the State properly conceded that Burrows was entitled to resentencing and reversing his twenty-five-year sentences for nonhomicide offenses he committed as a juvenile and remanding for resentencing under chapter 14-220).  Here, the State concedes that the sentences do not provide Cuevas with a meaningful opportunity for early release based on maturity and rehabilitation.  Nevertheless, it argues that Johnson does not apply because Cuevas's sentences were imposed prior to Henry.  We cannot agree with this interpretation of Kelsey and Johnson.  Accordingly, we reverse the postconviction court's order and remand for Cuevas to be resentenced under chapter 14-220 as codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2016).

Reversed and remanded.


NORTHCUTT and BADALAMENTI, JJ., Concur.