DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONOVAN JONATHAN TILLMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2516

[May 30, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara A. McCarthy, Judge; L.T. Case No. 11001165CF10A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR REHEARING*

PER CURIAM.

We deny rehearing. As to the sentencing issue, we have concluded in *Hart v. State*, 43 Fla. L. Weekly D970a (Fla. 4th DCA May 2, 2018), that *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), has not been applied to sentences of thirty years or less. Thus, chapter 2014-220, Laws of Florida should not be applied retroactively to an original sentence which does not violate *Graham*. Although appellant's sentence is thirty-one years, we conclude that it too does not violate *Graham* and chapter 2014-220 does not apply.

We certify conflict with the same cases noted in *Hart*:

*Cuevas v. State*, —— So. 3d ——, 43 Fla. L. Weekly D563 (Fla. [2d DCA] Mar. 9, 2018) (reversing the denial of a rule 3.800(a) motion and concluding that a juvenile non-homicide

offender's sentences of 26 years in prison were unconstitutional under *Graham* as construed in *Henry* and *Johnson*); *Blount v. State*, 238 So. 3d 913 (Fla. 2d DCA 2018) (reversing the denial of a rule 3.800(a) motion to correct juvenile nonhomicide sentences of 40 years in prison and remanding for resentencing pursuant to *Johnson*); *Mosier v. State*, 235 So. 3d 957 (Fla. 2d DCA 2017) (reversing the denial of a rule 3.800(a) motion and concluding that a juvenile non-homicide offender's sentences of 30 years in prison followed by 10 years of sexual offender probation were unconstitutional under *Graham* as construed in *Henry* and *Johnson*); *Alfaro v. State*, 233 So. 3d 515, 516 (Fla. 2d DCA 2017) (reversing 30-year sentences for nonhomicide offenses and rejecting trial court's conclusion that "*Kelsey* only applied to juvenile offenders like Kelsey who initially received life sentences but had been resentenced to a term of years under *Graham*"); *Burrows v. State*, 219 So. 3d 910, 911 (Fla. 5th DCA 2017) (reversing denial of postconviction relief and remanding for resentencing where juvenile offender received 25-year sentences for non-homicide offenses).

*Hart*, at *4.

CIKLIN and KLINGENSMITH, JJ., concur.
WARNER, J., dissents in part with opinion.

WARNER, J., dissenting in part.

For the same reasons I dissented in *Hart v. State*, 43 Fla. L. Weekly D970a (Fla. 4th DCA May 2, 2018), I dissent from the denial of the motion for rehearing on sentencing. I concur in the denial of the other grounds for rehearing.