NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DANIEL E. GORMAN, JR., )
)
    Appellant, )
)
v. )    Case No. 2D17-4268
)
STATE OF FLORIDA, )
)
    Appellee. )
_____ )

Opinion filed August 15, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; James A. Yancey, Judge.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

       Daniel E. Gorman, Jr., appeals the summary denial of his motion to

correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a) in which

he claimed that his concurrent forty-five-year sentences imposed while he was a

juvenile are illegal according to Graham v. Florida, 560 U.S. 48 (2010), Kelsey v. State,

206 So. 3d 5 (Fla. 2016), and Henry v. State, 175 So. 3d 675 (Fla. 2015). Pursuant to

our order to the State to respond to Mr. Gorman's brief, the State conceded that he is entitled to be resentenced under chapter 2014-220, Laws of Florida, as codified in sections 921.1401 and 921.1402, Florida Statutes (2016). We accept the State's concession and reverse the order denying Mr. Gorman's rule 3.800(a) motion and remand for resentencing.

Our disposition deserves some explanation given the history of this case. Before filing the present rule 3.800(a) motion, Mr. Gorman raised the same claim in an earlier rule 3.800(a) motion. The postconviction court denied that motion, and in March 2016, this court affirmed citing Williams v. State, 197 So. 3d 569, 571–72 (Fla. 2d DCA 2016), which held that a fifty-year sentence was not a de facto life sentence and therefore was not unconstitutional under Graham. See Gorman v. State, 232 So. 3d 1006 (Fla 2d DCA 2017) (table decision).[1] Among other cases, Williams cited to the First District's decision in Kelsey v. State, 183 So. 3d 439, 440 (Fla. 1st DCA 2015), which concluded that concurrent forty-five-year sentences for the juvenile offender in that case did not violate Graham because they were not de facto life sentences.

While Mr. Gorman's appeal from the denial of that motion was pending, the Florida Supreme Court quashed the First District's decision in Kelsey and rejected the argument that Graham only applied to "de facto life" sentences. Kelsey, 206 So. 3d at 10. Mr. Gorman, whose brief had already been submitted, filed a notice of supplemental authority bringing Kelsey to our attention. Several months later when we

---

[1]The table opinion that per curiam affirmed Gorman, appearing in the hardbound copy of Southern Third Reporter at 232 So. 3d 1006, does not include the citation to Williams. Our slip opinion and the Westlaw version of the opinion, however, do contain the Williams citation. See Gorman v. State, No. 2D16-1914 (Fla. 2d DCA Mar. 17, 2017); Gorman v. State, 2017 WL 1040776 (Fla. 2d DCA Mar. 17, 2017).

issued our decision affirming the denial of his motion, Mr. Gorman timely sought rehearing asserting that this court had overlooked our supreme court's decision in Kelsey. Nevertheless, we denied his motion for rehearing.

Our affirmance of the denial of Mr. Gorman's first rule 3.800(a) motion was the basis for the postconviction court's denial of the rule 3.800(a) motion that is the subject of this appeal. Mr. Gorman filed this motion shortly after we issued our affirmance, arguing that his forty-five-year sentences are illegal under Graham. The postconviction court denied the motion stating that it had "previously denied this claim" and that "[t]he Second District Court of Appeal per curiam affirmed and issued a Mandate on June 7, 2017." In following our decision, the postconviction court did not err—the error that warrants reversal here was in our decision affirming the denial of Mr. Gorman's first rule 3.800(a) motion.

Our decision rejecting Mr. Gorman's claim that his sentence violated Graham was the law of the case, and the postconviction court was bound to follow it. See Brunner Enters., Inc. v. Dep't of Revenue, 452 So. 2d 550, 552–53 (Fla. 1984). Generally we, too, are bound by our prior decisions. "However, the doctrine is not an absolute mandate, but rather a self-imposed restraint that courts abide by to promote finality and efficiency in the judicial process and prevent relitigation of the same issue in a case." State v. Owen, 696 So. 2d 715, 720 (Fla. 1997). We have "the power to reconsider and correct erroneous rulings in exceptional circumstances and where reliance on the previous decision would result in manifest injustice." Id.; see also Strazzulla v. Hendrick, 177 So. 2d 1, 5 (Fla. 1965) (explaining that an appellate court

has the power to reconsider and correct an erroneous ruling that has become law of the case).

Under the circumstances presented in this case, we conclude that it is appropriate to exercise our power to reconsider our prior decision erroneously rejecting Mr. Gorman's claims that his sentences are illegal under Graham and that pursuant to Kelsey, he is entitled to be resentenced. To adhere to our prior decision would be a manifest injustice. It would be fundamentally unfair to deny Mr. Gorman the relief we have afforded to other similarly situated juvenile offenders that would deprive him of the opportunity for subsequent judicial review of his sentences and an opportunity for early release based on a demonstration of maturity and rehabilitation. See, e.g., Alfaro v. State, 233 So. 3d 515, 516 (Fla. 2d DCA 2017) (reversing denial of defendant's postconviction motion based on Kelsey and remanding for resentencing on crimes he committed while a juvenile); Mosier v. State, 235 So. 3d 957, 957–58 (Fla. 2d DCA 2017) (reversing denial of defendant's motion to correct illegal term-of-years sentence for offenses he committed while a juvenile and remanding for resentencing pursuant to sections 775.082, 921.1401, and 921.1402). Accordingly, we reverse Mr. Gorman's sentences and remand for resentencing pursuant to sections 921.1401 and 921.1402.

Reversed and remanded.

KELLY, VILLANTI, and SLEET, JJ., Concur.