DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES WARTHEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-961

[February 27, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 501990CF016666A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant challenges an order denying his rule 3.800 motion for resentencing on two consecutive sentences in separate and unrelated cases, a non-homicide and a homicide. The defendant argues that his combined term of sixty-five years violates section 921.1402 of the Florida Statutes (2018).[1] We disagree and affirm.

In 1990, the trial court sentenced the defendant to a fifteen and twenty-five year term for non-homicides (shooting into a building and attempted first degree murder with a deadly weapon). The defendant committed the second offense, second degree murder, while he was on furlough for the first offense. For the second degree murder, the trial court sentenced him in 1991 to a forty-year prison term.

The United States Supreme Court has held that any sentence imposed

---

[1]Initially, a trial judge granted his motion for resentencing. The State moved to deny resentencing, and a successor judge granted that motion.

on a juvenile offender for a *nonhomicide* offense must provide a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham v. Florida*, 560 U.S. 48, 75 (2010). The Court has also held that before imposing a life sentence on a juvenile for a *homicide* offense, the court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Miller v. Alabama*, 567 U.S. 460, 480 (2012).

In response to *Graham* and *Miller*, the Florida Legislature enacted chapter 2014–220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes. Chapter 2014–220 requires that juvenile offenders who commit offenses after July 1, 2014 receive a review hearing and an opportunity for early release after serving fifteen, twenty, or twenty-five years depending on the crime committed and the length of the prison sentence. Both of the defendant's crimes were committed prior to July 1, 2014.

The Florida Supreme Court has held that the statutes apply retroactively to sentences imposed before July 1, 2014 if the defendant's sentence violates *Miller* or *Graham*. *See State v. Purdy,* 252 So. 3d 723, 725 (Fla. 2018) (citations omitted); *see also Franklin v. State,* 258 So. 3d 1239, 1240 (Fla. 2018) (holding that a juvenile offender's three 1,000 year life sentences with the possibility for parole for nonhomicide crimes did not violate the Eighth Amendment). Defendant has not demonstrated that his combined term violates either.

We reject his position that the consecutive prison terms for the unrelated homicide and non-homicide offenses is an "aggregate" sentence implicating the Eighth Amendment. Indeed, our supreme court decided in a plurality decision that a defendant's aggregate sentence arising from the *same case* did not implicate *Graham* and *Miller. Purdy*, 252 So. 3d at 729.

In *Purdy*, only one of the defendant's two terms were subject to statutory review. *Id.* at 728. Per that review he was resentenced to time served for a murder to be followed by a probationary term, yet he remained in prison because his 112.7-month terms for non-homicide offenses were not reviewable. *Id.* at 727-28; *see also Lucero v. People*, 394 P.3d 1128, 1132-33 (Colo. 2017), *cert. den.,* —— U.S. ——, 138 S.Ct. 641, 199 L.Ed.2d 544 (2018) (holding that *Miller* and *Graham* do not apply to aggregate sentences; an eighty-four year sentence for sixteen non-homicide crimes

within one case).[2]

Even assuming the statute applied to the defendant, his review hearing would have taken place in 2010 for the non-homicide offense. However, he completed that term in 2003, and began to serve the homicide sentence.

For the homicide offense, the statutory review would have taken place in 2016, twenty five years after the 1991 sentence. § 921.1402, Fla. Stat. (2018). However, we have held that a forty year term for a homicide does not violate *Miller. See Pedroza v. State*, 244 So. 3d 1128 (Fla. 4th DCA); *rev. granted,* SC 18-964, 2018 WL 6433136 (Fla. Dec. 6, 2018).

In sum, we affirm because the defendant has failed to show that his sixty five year consecutive terms for separate homicide and non-homicide offenses violates either *Graham* or *Miller.*

As we have done before, we certify conflict with those cases disagreeing with *Pedroza. See Donahue v. State,* 257 So. 3d 1083 (Fla. 4th DCA 2018) (certifying conflict with *Cuevas v. State*, 241 So. 3d 947 (Fla. 2d DCA 2018), *Blount v. State*, 238 So. 3d 913 (Fla. 2d DCA 2018), *Mosier v. State*, 235 So. 3d 957 (Fla. 2d DCA 2017), *Alfaro v. State*, 233 So. 3d 515 (Fla. 2d DCA 2017), and *Burrows v. State*, 219 So. 3d 910 (Fla. 5th DCA 2017)).

We also certify conflict with *Katwaroo v. State*, 237 So. 3d 446 (Fla. 5th DCA 2018), and *Tarrand v. State,* 199 So. 3d 507 (Fla. 5th DCA 2016).

*Affirmed.*

---

[2] *Lucerno* explained: "Multiple sentences imposed for multiple offenses do not become a sentence of life without parole, even though they may result in a lengthy term of incarceration. Life without parole is a specific sentence, imposed as punishment for a single crime, which remains distinct from aggregate term-of-years sentences resulting from multiple convictions." 394 P.3d at 1133. We recognize that the Court's denial of certiorari review is not a comment on the case's merits. *Bottoson v. State,* 824 So. 2d 115, 118-19 (Fla. 2002) (citations omitted). We also recognize our Florida Supreme Court's citation opinion in *Walle v. State,* No. SC 12-2333, 2016 WL 5165165 (Fla. Sept. 21, 2016). The supreme court's citations render it unclear whether the disposition was based on the aggregate sixty-five year sentences from one county or upon the combined ninety-two year terms from the two separate cases from different counties. Both cited cases concerned multiple non-homicide offenses committed within a single episode wherein the defendants were sentenced to ninety and seventy year terms. *Id.* (citing *Henry v. State,* 175 So. 3d 675 (Fla. 2015), and *Gridine v. State,* 175 So. 3d 672 (Fla. 2015)).

CIKLIN and FORST, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*