# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-0439
Lower Tribunal No. F87-35790
_____

**Gregory Boucher,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Dutko & Kroll, P.A., and Jeremy J. Kroll (Ft. Lauderdale); and Joyce E. Brenner, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and LINDSEY, and GORDO, JJ.

**ON MOTION FOR WRITTEN OPINION**

LINDSEY, J.

On March 29, 2023, this Court per curiam affirmed a juvenile resentencing order that determined Appellant Gregory Boucher (Defendant below) was not entitled to resentencing on his first-degree murder conviction. Boucher v. State, 48 Fla. L. Weekly D646 (Fla. 3d DCA Mar. 29, 2023). Boucher has filed a Motion for Written Opinion. We write solely to address Boucher's argument that the resentencing order violates the Eighth Amendment. For the reasons set forth below, we hold that the order is constitutional.

## I.    BACKGROUND

In 1988, Boucher pleaded guilty to three crimes he committed when he was 16 years old: first-degree murder (Count I), sexual battery (Count II), and burglary with battery (Count III). He was sentenced to life in prison with the possibility of parole eligibility after 25 years on the homicide count and natural life on the two nonhomicide counts.

Following the Florida Supreme Court's decision in Atwell v. State, 197 So. 3d 1040 (Fla. 2016), the lower court entered an agreed order stating that Boucher was entitled to resentencing.[1] After the court conducted a resentencing hearing, but before it entered a resentencing order, the Florida

---

[1] In Atwell, our highest Court held "that a juvenile homicide offender's life with parole sentence violated the Eighth Amendment based largely upon a presumptive parole release date set far beyond Atwell's life expectancy." Franklin v. State, 258 So. 3d 1239, 1241 (Fla. 2018).

Supreme Court overturned <u>Atwell</u> in <u>Franklin v. State</u>, 258 So. 3d 1239 (Fla. 2018). The lower court then entered the resentencing order now under review, which concludes that <u>Franklin</u> is controlling and precludes resentencing on Boucher's first-degree murder sentence.

Although the trial court determined Boucher was not entitled to resentencing on his homicide conviction, the court concluded Boucher was entitled to resentencing on his two nonhomicide life without parole convictions. See <u>Graham v. Florida</u>, 560 U.S. 48, 82 (2010) ("The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."). The court considered the juvenile individualized sentencing factors set forth in § 921.1401, Fla. Stat., and resentenced Boucher to 40 years on his nonhomicide counts, with credit for time served.

Boucher appealed, arguing that the agreed order stating he was entitled to resentencing on his homicide conviction, which was based on <u>Atwell</u>, was a final order and therefore could not be modified. This Court per curiam affirmed the trial court's conclusion that the agreed entitlement order was a non-final order and, consequently, subject to modification. See <u>Morgan v. State</u>, 350 So. 3d 712, 716 (Fla. 2022) ("We agree with the State's argument that in rule 3.800(a) proceedings the process of sentence correction is not complete until an order is entered imposing a corrected

sentence. Until that point, there is no final order. Judicial labor in the cause remains to be done . . . .").

## II.   ANALYSIS

In his Motion for Written Opinion, Boucher argues, based on dicta in State v. Purdy, 252 So. 3d 723 (Fla. 2018), that "the Florida Supreme Court left open the question whether the Eighth Amendment is violated where a defendant is not eligible for resentencing on one count because of parole eligibility but has been otherwise shown to be rehabilitated after a sentencing hearing on non-parole eligible counts pursuant to Fla.Stat. 921.1401."[2]  We write to explain why Boucher is not entitled to relief pursuant to Purdy.

In Purdy, the Florida Supreme Court considered whether a trial court is required to review the aggregate sentence of a juvenile offender at a sentence review hearing.  252 So. 3d at 724.  The juvenile offender in Purdy was sentenced to life without parole for murder and 112.7 months (approximately 9.4 years) for armed robbery and armed carjacking, to run concurrently with each other but consecutive to the life sentence.  Id. at 727.

---

[2] Boucher also raised this argument in his briefs.

4

Years later, the juvenile offender moved for resentencing on his life sentence pursuant to Miller v. Alabama, 567 U.S. 460 (2012).[3] Purdy, 252 So. 3d at 727. "The trial court granted the relief requested and resentenced Purdy to 40 years for the murder conviction . . . ." Id. The trial court later conducted sentence review pursuant to § 921.1402 and determined that the juvenile offender was rehabilitated and fit to reenter society. Id. at 728. Based on this determination, the court reduced the 40-year sentence to the amount of time already served on that sentence (approximately 20.5 years), followed by 10 years of probation. Id. However, despite finding that the juvenile offender was rehabilitated and fit to reenter society as to his homicide conviction, the court ordered him to prison to begin serving his 112.7-month sentences for his nonhomicide convictions. Id.

The Florida Supreme Court, in a plurality opinion authored by Justice Lawson, held that "the trial court was correct in determining that [§ 921.1402] does not provide any basis for resentencing for the 112.7-month sentences." Id. However, the Court noted "several gaps and anomalies" in the statutory scheme, including potential Eighth Amendment concerns with continued

---

[3] In Miller, the U.S. Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479.

5

incarceration after a sentencing court's finding that an offender is rehabilitated and fit to reenter society:

> [B]ecause the statute limits the review provisions and does not deal with the overall sentence, there will be other cases, like this one, where the sentencing court is required to consider whether the offender "is rehabilitated and is reasonably believed to be fit to reenter society" even though the offender will continue to be incarcerated irrespective of the outcome of the hearing. Amicus points out that the continued incarceration of an offender on offenses arising from a single criminal episode under these circumstances—long after a judicial determination that the juvenile offender is rehabilitated—may raise additional Eighth Amendment issues.

Id. at 728-29.

The Court did not resolve this issue because it was only presented with an issue of the statutory construction of § 921.1402, Florida's sentence review statute. Id. at 729 n.2. But the Court explained that the juvenile offender was not foreclosed "from challenging his consecutive 112.7-month sentences in the trial court on Eighth Amendment grounds." Id.

We do not resolve the potential constitutional issue left open in Purdy because the situation here is distinguishable. In Purdy, the trial court reviewed the juvenile offender's sentence pursuant to § 921.1402 and determined that he had been rehabilitated and was fit to reenter society. See § 921.1402(7) ("If the court determines at a sentence review hearing that the juvenile offender has been rehabilitated and is reasonably believed to be fit

6

to reenter society, the court shall modify the sentence and impose a term of probation of at least 5 years."). Based on its finding of rehabilitation, the court in <u>Purdy</u> reduced the sentence under review to time served and 10 years of probation.

Here, by contrast, the lower court did not conduct *sentence review* of any of Boucher's sentences pursuant to § 921.1402. Instead, the court *resentenced* Boucher pursuant to § 921.1401. In <u>Horsley v. State</u>, 160 So. 3d 393, 401 (Fla. 2015), our Supreme Court explained the difference between these two statutes:

> [Section 921.1401] sets forth the procedures for the mandatory individualized sentencing hearing that is now required before sentencing a juvenile to life imprisonment; and [section 921.1402] relates to subsequent judicial review of a juvenile offender's sentence.

Because Boucher had originally been sentenced to life in prison for his nonhomicide offenses, the trial court was required to consider the factors set forth in § 921.1401 to determine if a life sentence was appropriate. See <u>Horsley</u>, 160 So. 3d at 404 ("Juveniles convicted of nonhomicide offenses, thereby implicating <u>Graham</u> rather than <u>Miller</u>, also may be sentenced to life imprisonment if the trial court, after considering the specified factors during an individualized sentencing hearing, determines that a life sentence is appropriate.").

Importantly, the factors set forth in § 921.1401 differ from those in § 921.1402. Unlike in Purdy, the sentencing court here did not find that Boucher had been rehabilitated and was fit to reenter society, which is a factor relevant to sentence review pursuant to § 921.1402(7). Instead, the court correctly considered the factors set forth in § 921.1401 and found that there was a "*possibility of rehabilitating the Defendant.*" See § 921.1401(2) ("In determining whether life imprisonment or a term of years equal to life imprisonment is an appropriate sentence, the court shall consider factors relevant to the offense and the defendant's youth and attendant circumstances, including, but not limited to . . . (j) The possibility of rehabilitating the defendant.").[4]

---

[4] In Bellay v. State, 277 So. 3d 605, 608–09 (Fla. 4th DCA 2019) our Sister District explained the distinction between the rehabilitation factors set forth in §§ 921.1401 and 921.1402 as follows:

> The question as to whether a juvenile *has* in fact been rehabilitated comes from section 921.1402(7), which applies to subsequent judicial review of a sentence. Thus, Appellant's argument, made in the context of the resentencing process, lacks merit. For resentencing, Appellant's "performance in prison" was one part of the equation in considering element (j), "[t]he possibility of rehabilitating the defendant." § 921.1401(2), Fla. Stat. Such evidence is not, however, dispositive of a trial court's resentencing determination. That factor is only one of the ten in the sentencing statute. While it may weigh in Appellant's favor, this does not make the life sentence unconstitutional. Appellant will be

Since rehabilitation is only a possibility at this point, the sentencing court did not reduce any of Boucher's sentences to time served, as in <u>Purdy</u>, and Boucher continues to serve prison sentences on all three of his convictions. In short, the potential Eighth Amendment issue Boucher claims was left open in <u>Purdy</u> is not present here. We therefore affirm the resentencing order under review.

Affirmed.

---

entitled to present evidence of the full extent of his rehabilitation in prison at a sentence review hearing.