DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES M. ROGERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2704

[April 16, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tim Bailey, Judge; L.T. Case No. 94000144CF10B.

Gordon Weekes, Public Defender, and Lisa S. Lawlor, Assistant Public Defender, Fort Lauderdale, for appellant.

No appearance required for appellee.

PER CURIAM.

James Rogers appeals the denial of his motion to vacate and correct his sentences pursuant to Florida Rules of Criminal Procedure 3.850 and 3.800(a). We affirm.

Rogers, who was seventeen at the time of the offenses, was convicted of first-degree murder, attempted first-degree murder, attempted second-degree murder, and attempted robbery. He was sentenced to life imprisonment with parole eligibility after twenty-five years for the first-degree murder; twenty-five years for the attempted first-degree murder, consecutive to the life sentence; fifteen years for the attempted second-degree murder, consecutive to the twenty-five-year sentence; and fifteen years for the attempted robbery, concurrent to the other sentences.

In his motion, Rogers argued that his current sentence was structured so that he must serve the forty cumulative years of consecutive sentences before parole on the first-degree murder charge "would be a meaningful possibility." In support, Rogers relied on the Second District's opinion in *Mack v. State*, 313 So. 3d 694, 698 (Fla. 2d DCA 2020), which held that a

consecutive life sentence for sexual battery committed by a seventeen-year-old violated the Eighth Amendment.

As Rogers concedes, this Court has rejected the argument "that the consecutive prison terms for the unrelated homicide and non-homicide offenses is an 'aggregate' sentence implicating the Eighth Amendment." *Warthen v. State*, 265 So. 3d 695, 697 (Fla. 4th DCA 2019). Rogers filed this appeal to advocate in good faith for a change in the law and to preserve his case in the appellate pipeline.

We recently affirmed the denial of a motion to correct a sentencing error where the defendant was given a life sentence for first-degree murder and two life sentences for attempted first-degree murder, with the attempted murder sentences running concurrently with each other and consecutively to the first-degree murder sentence. *Johnson v. State*, 384 So. 3d 213, 218–19 (Fla. 4th DCA 2024). The defendant was to receive a review twenty-five years into his first-degree murder sentence, and then a second review twenty-five years into his consecutive life sentences. *Id.* at 216. We held that this sentencing structure did not violate the Eighth Amendment, as the defendant could be released after fifty years. *Id.* at 219; *see also Pedroza v. State*, 291 So. 3d 541, 543 (Fla. 2020) (determining juvenile's forty-year sentence was not unconstitutional under the Eighth Amendment); *McArthur v. State*, 313 So. 3d 244, 244–45 (Fla. 1st DCA 2021) (affirming fifty-year sentence because the juvenile did not receive "a life sentence or the functional equivalent of a life sentence" (citation omitted)). We do not recede from *Johnson*.

As we did in *Johnson*, we recognize that this decision expressly and directly conflicts with the Second District's decision in *Mack* and certify conflict pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(iv).

*Affirmed.*

WARNER, FORST and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2