RAY, J.
In these consolidated cases, Arthur O’Derrell Franklin, Appellant, appeals the partial summary denial of his motion for postconviction relief. Below, he argued that his several concurrent sentences of 1,000 years in prison, imposed in 1984 for crimes committed in 1983, are unconstitutional under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), despite the fact that they are parole-eligible. The circuit court rejected this claim, and Appellant now argues that he was entitled to either resentencing or an evi-dentiary hearing and to counsel to assist him at either proceeding. We affirm due to the facial insufficiency of Appellant’s claim.
Appellant’s motion argued that his sentences are unconstitutional under Graham because they do not afford him a meaningful opportunity for release upon a demonstration of maturity and rehabilitation. This argument was premised on the length of the 1,000-year sentences and the fact that the sentencing court retained jurisdiction, under section 947.16(3), Florida Statutes (1982 Supp.), to approve or deny any decision by the Parole Commission to release him during the first third of his sentence, or for 333-1/3 years.
The State conceded that the retention of jurisdiction arguably removed any chance of Appellant’s being released on parole. This concession was based partly on language in the sentencing court’s order indicating, as the State phrased it, an “intention to essentially deny the Defendant any opportunity to be released during his lifetime.” The State alleged that the retention of jurisdiction had “created” Appellant’s presumptive parole release date (“PPRD”), which was set for September 1, 2352, as of the dates of the postconviction proceedings. The State then hypothesized that if the court struck the retention-of-jurisdiction language in the sentencing orders, Appellant’s PPRD would be established within his lifetime.
The court agreed with the State and entered an order removing the retention of jurisdiction[1] but otherwise denying Appellant’s motion.
On appeal, Appellant suggests that, despite the relinquishment of jurisdiction, he may never receive a PPRD within his lifetime due to the length of his sentence or perhaps other barriers within the parole process unrelated to his failure to demonstrate maturity and rehabilitation. He argues that he is entitled to a remand and the appointment of counsel to present these arguments to the circuit court at an evidentiary hearing.
*212 A criminal defendant is not entitled to an evidentiary hearing on a motion for postconviction relief if “(1) the motion, files, and records in the case conclusively show that the [defendant] is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000). It is the defendant’s burden to establish “a prima facie case based upon a legally valid claim,” and “[m]ere conelusory allegations are not sufficient to meet this burden.” Id. This standard informs a trial court’s discretionary decision to grant or deny a request for counsel because, according to our state supreme court, “[tjhere is absolutely no duty to appoint counsel for an indigent defendant in a post-conviction relief proceeding unless the application on its face reflects a colorable or justiciable issue or a meritorious grievance.” Graham v. State, 372 So.2d 1363, 1366 (Fla.1979).
The issue Appellant presented to the circuit court was based on the United States Supreme Court’s holding in Graham, which forbids a sentence of life without the possibility of parole for a non-homicide offense committed by a juvenile. 560 U.S. at 77, 130 S.Ct. 2011. Graham does not foreclose the possibility that a juvenile non-homicide offender will remain behind bars for the duration of his or her life if that offender ultimately proves to be “irredeemable.” Id. at 75, 130 S.Ct. 2011. What Graham requires is that a juvenile non-homicide offender have “some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” Id. This Court has applied Graham to invalidate term-of-years sentences that amounted to de facto life sentences due to the combination of their lengths and the lack of parole eligibility. E.g., Floyd v. State, 87 So.3d 45, 46 (Fla. 1st DCA 2012); Adams v. State, — So.3d -, 2012 WL 3193932, 37 Fla. L. Weekly D1865 (Fla.2012). However, the extreme length of a sentence does not in itself establish a Graham violation when that sentence is parole-eligible and no constitutional deficiency in the parole system has been established.
In the proceedings below, Appellant alleged no facts, cited no legal authority, and made no argument to show that the Parole Commission is precluded from ever establishing a PPRD during his lifetime due to the sentence the court imposed. Although he argued that the parole system would not provide him with a meaningful opportunity for release, this argument was con-elusory at best. Without allegations indicating an inherent deficiency in the parole system’s ability to address a 1,000-year sentence consistently with Graham, as opposed to a failure on Appellant’s part to demonstrate maturity and rehabilitation, Appellant’s claim was legally insufficient to establish that his parole-eligible term-of-years sentence is unconstitutional.
The fact that Appellant’s PPRD is currently set at September 1, 2352, does not establish a Graham error in the sentence. The Parole Commission, not the sentencing court, is responsible for setting a parole-eligible prisoner’s PPRD and for periodically reviewing that determination. See §§ 947.13(l)(a), 947.16(4)-(5), 947.172, 947.174(2)-(3), Fla. Stat. (2013). If the Parole Commission violated the law or abused its discretion in establishing Appellant’s current PPRD outside his life expectancy while being legally able to establish it otherwise, then that error is a matter for review in proceedings challenging the establishment of the PPRD, not in a motion challenging the legality of the sentence from the outset. Cf. Johnson v. Fla. Parole Comm’n, 841 So.2d 615, 617 (Fla. 1st DCA 2003) (recognizing that prisoners may seek review of final orders of the Parole Commission in circuit court through a petition for an extraordinary writ); Fla. *213 Parole Comm’n v. Huckelbury, 903 So.2d 977 (Fla. 1st DCA 2005) (reviewing a circuit court’s order on a petition challenging the suspension of an inmate’s PPRD).
We opine only that the claim before the circuit court did not provide the information or arguments necessary to hold Appellant’s sentence unconstitutional, even assuming the truth of every fact alleged. Because Appellant failed to set forth a prima facie case for relief, his motion was properly denied (to the extent it was). Moreover, due to the legal insufficiency of Appellant’s claim, the trial court was not required to afford Appellant an evidentiary hearing or attach records conclusively refuting his claim. For the same reason, the court was within its discretion to deny Appellant’s request for counsel. Accordingly, we AFFIRM.
SWANSON, J., concurs; THOMAS, J., concurs with opinion.

. We express no opinion on whether the striking of the retention of jurisdiction had any effect on the legality of Appellant's sentence.