POLSTON, J.,
dissenting.
I would approve the Fourth District Court of Appeal’s decision in Atwell v. State, 128 So.3d 167 (Fla. 4th DCA 2013), that the defendant’s life sentence with the possibility of parole does not violate the Eighth Amendment.
Although the majority takes issue with the extended presumptive parole release date, section 947.174, Florida Statutes, requires a subsequent interview to review this date within 7 years of the initial interview and once every 7 years after that. As explained in Franklin v. State, 141 So.3d 210 (Fla. 1st DCA 2014), by Judge Ray in the majority opinion, and Judge Thomas in his concurring opinion, this statutorily réquired review satisfies the Eighth Amendment. Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller v. Alabama, — *1051 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), do not require that parole be given, only that the defendant has a meaningful opportunity for. release. See Franklin, 141 So.3d at 212. Pursuant to section 947.174(3), Florida Statutes, the presumptive release date is reviewed periodically in light of information “including, but not limited to, current progress reports, psychological reports, and disciplinary reports.” This review should include the type of individualized consideration sought by the majority. Moreover, judicial review may be sought of these parole decisions as they are made. See Franklin, 141 So.3d at 212.
The majority’s decision reaches too far into the merits of a parole process not at issue in this case because of the majority’s unjustified perception and suspicion of the Parole Commission’s periodic review. I respectfully dissent.
LEWIS and CANADY, JJ., concur.