PER CURIAM.
At the age of 17, Arthur O'Derrell Franklin committed a series of brutal crimes against women. In each case, the female victim testified that Franklin violently attacked her, kidnapped her, drove her to a secluded area and brutally battered, raped, and robbed her while evidencing an extraordinary cruelty and a perverse enjoyment of the suffering he was inflicting. In one case, "the physician who performed the sexual assault battery exam testified that the victim suffered the worst injuries the physician had ever observed." Franklin v. State , 141 So.3d 210, 215 (Fla. 1st DCA 2014) (Thomas, J., concurring). In each of three cases, Franklin was convicted of armed kidnapping, kidnapping, armed sexual battery, sexual battery, armed robbery, robbery, and aggravated assault, and was sentenced to three 1000-year concurrent sentences with parole. Id. at 213 (Thomas, J., concurring). The Parole Commission conducted Franklin's initial parole review and ten subsequent review hearings, and has calculated a presumptive parole release date of 2352. Following the United States Supreme Court's decisions in Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), Franklin filed a motion to vacate his sentences pursuant to Florida Rule of Criminal Procedure 3.850, arguing that his sentences violate the Eighth Amendment to the United States Constitution as delineated in Graham and requesting resentencing. However, the trial court denied the motion, and the First District Court of Appeal affirmed on appeal. Franklin , 141 So.3d at 211. We accepted discretionary review,[1] and for the reasons explained below we now approve the First District's decision and hold that Franklin's sentences with the possibility of parole do not violate Graham , meaning that Franklin is not entitled to resentencing under chapter 2014-220, Laws of Florida.
In Graham , 560 U.S. at 75, 130 S.Ct. 2011, the Supreme Court held that the Eighth Amendment categorically forbids a sentence of life without parole for juvenile nonhomicide offenders, and required that any life sentence for a juvenile nonhomicide offender be accompanied by "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" before the end of the sentence *1241 and during the offender's natural life. Notably, the Court did not require that the State actually release a juvenile offender during his natural life or guarantee his eventual freedom, as "those who commit truly horrifying crimes as juveniles may turn out to be irredeemable" and "will remain behind bars for life." Id.
Later in Miller , 567 U.S. at 479, 132 S.Ct. 2455, the United States Supreme Court extended the reasoning of Graham and created another Eighth Amendment rule prohibiting the imposition of a mandatory life sentence without the possibility of parole for juvenile homicide offenders. Miller did "not foreclose a sentencer's ability to [impose a life without parole sentence] in homicide cases," but required the sentencer to first "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Id. at 480, 132 S.Ct. 2455.
Applying principles discussed in Graham and Miller , a majority of this court held in Atwell v. State , 197 So.3d 1040, 1048-50 (Fla. 2016), that a juvenile homicide offender's life with parole sentence violated the Eighth Amendment based largely upon a presumptive parole release date set far beyond Atwell's life expectancy. The decision below, finding no Eighth Amendment violation, despite a presumptive parole release date set far beyond Franklin's life expectancy, clearly conflicts with Atwell .[2]
However, instructed by a more recent United States Supreme Court decision, Virginia v. LeBlanc , --- U.S. ----, 137 S.Ct. 1726, 198 L.Ed.2d 186 (2017), we have since determined that the majority's analysis in Atwell improperly applied Graham and Miller . See State v. Michel , 257 So.3d 3, 6, 2018 WL 3613383 (Fla. July 12, 2018) (explaining that LeBlanc made clear that it was not an unreasonable application of Graham "to conclude that, because the [state's] geriatric release program employed normal parole factors, it satisfied Graham 's requirement that juveniles convicted of a nonhomicide crime have a meaningful opportunity to receive parole")(quoting LeBlanc , 137 S.Ct. at 1729 ) ). As we held in Michel , involving a juvenile homicide offender sentenced to life with the possibility of parole after 25 years, Florida's statutory parole process fulfills Graham 's requirement that juveniles be given a "meaningful opportunity" to be considered for release during their natural life based upon "normal parole factors," LeBlanc , 137 S.Ct. at 1729, as it includes initial and subsequent parole reviews based upon individualized considerations before the Florida Parole Commission that are subject to judicial review, Michel , 257 So.3d at 6 (citing §§ 947.16-.174, Fla. Stat.).
As in Michel , because Franklin's sentences include eligibility for parole there is no violation of the categorical rule announced in Graham . Michel , 43 Fla. L. Weekly at S299-300, 257 So.3d at ----.
CONCLUSION
We approve the First District's decision in Franklin and hold that Franklin's 1000-year sentences with parole eligibility do not violate the categorical rule of Graham .
It is so ordered.
*1242 CANADY, C.J., and LEWIS, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., dissents with an opinion, in which QUINCE and LABARGA, JJ., concur.

See art. V, § 3(b)(3), Fla. Const.

The First District decided Franklin before we decided Atwell . However, we stayed Franklin pending resolution of several other cases.