# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2784
Lower Tribunal No. 88-16005D
_____

**The State of Florida,**
Appellant,

vs.

**Richard Calix,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellant.

Reizenstein and Associates, P.A., and Philip L. Reizenstein, for appellee.

Before FERNANDEZ, LOGUE and SCALES, JJ.

SCALES, J.

After shooting and killing his victim in a robbery, Richard Calix was convicted of first degree murder in 1988, a crime he committed when he was seventeen years old. He was sentenced to life in prison with the possibility of parole after twenty-five years. In 2016, Calix filed a post-conviction motion asserting that his sentence was illegal pursuant to Miller v. Alabama, 567 U.S. 460 (2012) and Atwell v. State, 197 So. 3d 1040 (Fla. 2016).[1]

On November 30, 2016, the trial court granted Calix's motion. The State appealed the trial court's order to this Court and, on April 25, 2018, we affirmed the order in State v. Calix, 245 So. 3d 928 (Fla. 3d DCA 2018). The State then appealed our decision to the Florida Supreme Court and, on January 7, 2019, the Florida Supreme Court quashed our April 25, 2018 opinion on the authority of its recent decision in Franklin v. State, 258 So. 3d 1239 (Fla. 2018).[2] State v. Calix,

---

[1] These decisions, deriving from Graham v. Florida, 560 U.S. 48 (2010), concluded that the imposition of a life sentence on a juvenile homicide offender, without an effective possibility of parole, violated the Eighth Amendment of the United States Constitution. Franklin v. State, 258 So. 3d 1239, 1240-41 (Fla. 2018). In Miller v. Alabama, the United States Supreme Court noted that juveniles, due to their age, have "diminished culpability and heightened capacity for change." 567 U.S. at 479. On this premise, the Supreme Court in Graham and Miller refashioned how a trial court should sentence juveniles to life sentences.

[2] In both Franklin and State v. Michel, 257 So. 3d 3 (Fla. 2018), the Florida Supreme Court partly receded from its decision in Atwell v. State, and held that a juvenile offender's sentence of life imprisonment *with* a possibility of parole after twenty-five years does not violate the Eighth Amendment, and therefore, the juvenile is not entitled to a re-sentencing. Franklin, 258 So. 3d at 1241; Michel 257 So. 3d at 8.

44 Fla. L. Weekly S125 (Fla. Jan. 7, 2019). Accordingly, we vacate the trial court's November 30, 2016 order and remand to the trial court to adjudicate Calix's rule 3.800 motion in light of Franklin.

Order vacated; remanded with instructions.