DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JASPER WASHINGTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2537

[April 8, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weeks, Judge; L.T. Case No. 92-009772 CF10A.

Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the circuit court's May 7, 2019 order rescinding the circuit court's November 18, 2016 order granting the defendant's motion to vacate, set aside, or correct sentence. The defendant argues the circuit court lacked jurisdiction to rescind the November 18, 2016 order. We agree and reverse the May 7, 2019 order. We remand for reinstatement of the November 18, 2016 order, and for resentencing. The resentencing shall be conducted according to the decisional law effective at the time of the resentencing.

### *Procedural History*

A jury convicted the defendant of first-degree murder (Count I) and armed robbery with a deadly weapon (Count II), both committed on April 26, 1992, when the defendant was sixteen years old. The circuit court sentenced the defendant on Count I to life in prison without the possibility of parole for twenty-five years, and on Count II to seventeen years in prison, with both sentences to be served concurrently. We affirmed the

defendant's conviction and sentence. *Washington v. State*, 642 So. 2d 1378 (Fla. 4th DCA 1994).

In 2016, the defendant filed a motion to vacate, set aside, or correct sentence pursuant to *Atwell v. State*, 197 So. 3d 1040, 1041-43 (Fla. 2016). *Atwell* required the resentencing of juveniles sentenced to life in prison with the possibility of parole, reasoning that Florida's parole system does not provide for individualized consideration of juvenile status, as required by *Miller v. Alabama*, 567 U.S. 460, 470 (2012), thus making a sentence of life in prison with the possibility of parole virtually indistinguishable from a sentence of life in prison without the possibility of parole. *Atwell v. State*, 197 So. 3d at 1041. *Atwell* further required resentencing to be conducted in conformance with chapter 2014–220, Laws of Florida, as codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes. *Id.* at 1042-43.

By order dated November 18, 2016, the circuit court granted the defendant's motion and ordered resentencing. The state did not timely seek rehearing or appeal.

Two years later, during which the defendant's resentencing remained pending, the Florida Supreme Court effectively abrogated *Atwell* in *State v. Michel*, 257 So. 3d 3 (Fla. 2018), and *Franklin v. State*, 258 So. 3d 1239 (Fla. 2018). *See Michel*, 257 So. 3d at 7-8 (juvenile offenders' sentences of life with the possibility of parole after twenty-five years do not violate *Miller* and are not entitled to resentencing because they have a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation under Florida's parole system after serving twenty-five years in prison and then if applicable every seven years thereafter); *Franklin*, 258 So. 3d at 1241 (Florida's parole process provides juveniles with a meaningful opportunity to be considered for release during their natural life, as it includes initial and subsequent parole reviews based upon individualized considerations before the Florida Parole Commission that are subject to judicial review).

Based on *Michel* and *Franklin*, the state filed an "amended response" to the defendant's motion. The state argued that because the defendant is parole eligible, his original sentences were legal.

By order issued May 7, 2019, the circuit court adopted the state's amended response, rescinded its November 18, 2016 order granting the defendant's motion, summarily denied the defendant's motion, and reinstated the defendant's original sentences.

## *This Appeal*

This appeal of the circuit court's May 7, 2019 order followed. The defendant argues the circuit court lacked jurisdiction to rescind its November 18, 2016 order.

We agree with the defendant's argument. Similar to our holdings in several recent cases, we hold the circuit court's November 18, 2016 order became final when the state did not timely seek rehearing or appeal of that order. *Jones v. State*, 279 So. 3d 172, 174 (Fla. 4th DCA 2019) (citing *Taylor v. State*, 140 So. 3d 526, 528-29 (Fla. 2014)); *German v. State*, 284 So. 3d 572, 573 (Fla. 4th DCA 2019); *Scott v. State*, 283 So. 3d 1280, 1280-81 (Fla. 4th DCA 2019); *White v. State*, 284 So. 3d 1096, 1097 (Fla. 4th DCA 2019).

Thus, similar to the relief granted in the foregoing cases, we reverse the May 7, 2019 order, and remand with directions that the circuit court reinstate the November 18, 2016 order granting resentencing. *See, e.g.*, *Jones*, 279 So. 3d at 174. The circuit court shall resentence the defendant to a lawful sentence according to the decisional law effective at the time of the resentencing. *See id.* (citing *State v. Fleming*, 61 So. 3d 399, 408 (Fla. 2011) ("[T]he decisional law in effect at the time of a de novo resentencing or before that resentencing is final applies to those proceedings . . . .")).

While the defendant presents substantive challenges to the current decisional law, we decline to consider those arguments. *See, e.g.*, *Jones*, 279 So. 3d at 174.

*Reversed and remanded with instructions.*

CONNER and KLINGENSMITH, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**