DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BERNELL HEGWOOD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2182

[December 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 87010559 CF10A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

This matter comes back to this court on appeal following the Florida Supreme Court's opinion ordering that "the case be further remanded for resentencing in conformance with sections 775.082, 921.1401, and 921.1402 of the Florida Statutes." *Hegwood v. State*, 41 Fla. L. Weekly S621, S621 (Fla. 2016). After the trial court conducted that resentencing, appellant Bernell Hegwood moved to correct sentencing errors under Florida Rule of Criminal Procedure 3.800 and the trial court denied the motion. We affirm those sentences but reverse and remand for the trial court to conduct a review hearing as required by law.

In 1987, Hegwood (then seventeen years old) entered a Wendy's restaurant, forced the manager to open the safe, and took the money therein. Before leaving, he murdered the manager and two other employees of the restaurant. He shot the store manager four times and shot the other employees once. Hegwood admitted to his mother that he committed these crimes and fled to Louisiana to avoid capture. After Hegwood was arrested, police recovered the gun used to shoot the victims, a five-shot .32 revolver, indicating that Hegwood stopped to reload his weapon at some point during the commission of the crime.

1

After a jury trial, Hegwood was convicted of three counts of murder and one count of robbery with a firearm. When the trial court conducted Hegwood's resentencing on remand after the Florida Supreme Court's 2016 opinion, he was sentenced to life in prison with a twenty-five year minimum for the three murders and life in prison with a three-year minimum for the robbery with a firearm. Each of the murder sentences was to run consecutively, and the robbery sentence was to run concurrently with the first murder count. The sentences were later corrected to match the court's oral pronouncement that Hegwood would not be eligible for judicial review until all his minimum sentences expired. This appeal follows.

In *Miller v. Alabama*, 567 U.S. 460, 479 (2012), the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." However, "juvenile offenders' sentences of life with the possibility of parole after 25 years do not violate the Eighth Amendment." *State v. Michel*, 257 So. 3d 3, 4 (Fla. 2018); *see Franklin v. State*, 258 So. 3d 1239, 1241 (Fla. 2018).

Hegwood is now serving the first of his three consecutive life sentences. We disagree that the consecutive sentences were unconstitutional and affirm each of them. *See Hernandez v. State*, 43 Fla. L. Weekly D1079, D1080-81 (Fla. 3d DCA May 16, 2018). However, we agree that the trial court erred when it ordered that Hegwood was not entitled to judicial review of any of his sentences until after seventy-five years. *See Phillips v. State*, 286 So. 3d 905, 909 (Fla. 1st DCA 2019). The plain meaning of section 921.1402 dictates that Hegwood is entitled to a review of each consecutive life sentence after twenty-five years of that sentence. *See Michel*, 257 So. 3d at 4. The trial court's decision to decline to review Hegwood's sentence until he has served seventy-five years of his sentence denies him the twenty-five-year review he is entitled to under section 921.1402. *See Hernandez*, 43 Fla. L. Weekly at D1081; *see also Miller*, 567 U.S. at 479 (stating that juvenile offenders must have the "possibility of parole").

This sentence correction is a ministerial act that does not require Hegwood to be present. *See Hernandez*, 43 Fla. L. Weekly at D1081. Since Hegwood has already served thirty-two years of his life sentence under the first murder count, he is entitled to a review hearing for that specific murder conviction. § 921.1402(2) Fla. Stat. (2019). Because of certain comments made by the trial court during Hegwood's sentencing hearing, we hereby remand for the judicial sentence review hearing to be conducted before a different judge.

*Affirmed in part, reversed in part and remanded.*

GERBER, CONNER, and KLINGENSMITH, JJ., concur.

\* \* \*

2

*Not final until disposition of timely filed motion for rehearing.*