# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D20-2527

———————————————

KEITH SHAWN HANKS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Adrian G. Soud, Judge.

September 29, 2021


ROWE, C.J.

Keith Hanks appeals an order denying his postconviction motion filed under Florida Rule of Criminal Procedure 3.800(a). Hanks argues that he is entitled to resentencing for crimes he committed as a juvenile under *Miller v. Alabama*, 567 U.S. 460 (2012), and *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016). We disagree and affirm.

### *Facts*

Hanks was fifteen days shy of his eighteenth birthday when he shot and killed S.S. and fired another shot at G.A. Hanks was committing an armed robbery when he shot at the victims. A grand jury returned an indictment, charging Hanks with first-degree

premeditated murder, attempted first-degree murder, and armed robbery. In exchange for the State's agreement not to seek the death penalty on the murder count and to dismiss the attempted murder count, Hanks pleaded guilty to first-degree murder and armed robbery with a firearm. The trial court sentenced him to consecutive terms of life in prison with a twenty-five-year mandatory minimum and the possibility of parole after twenty-five years and life in prison with a three-year mandatory minimum with no possibility for parole. This Court affirmed his convictions and sentences on direct appeal. *See Hanks v. State*, 637 So. 2d 240 (Fla. 1st DCA 1994) (unpublished table decision).

Since his judgment and sentence became final in 1994, Hanks has filed three rule 3.800(a) motions. He has argued that (1) his life sentence for armed robbery is illegal under *Graham v. Florida*, 560 U.S. 48 (2010), (2) both of his life sentences are illegal under *Miller*, (3) his sentence for first-degree murder is illegal because the trial court failed to state clear reasons for imposing a departure sentence, and (4) the trial court failed to properly accept his plea.

At first, the State conceded that Hanks was entitled to resentencing. In 2017, the trial court granted in part and denied in part Hanks' postconviction motions. The court determined that Hanks was entitled to resentencing on the murder count under *Miller* and *Atwell*. And on the robbery count, Hanks was entitled to resentencing under *Graham*. The court denied the remaining claims.

But in 2018, before resentencing, the supreme court receded from its decision in *Atwell* and held that juvenile offenders with sentences of life with the possibility of parole after twenty-five years had no right to resentencing and that such sentences did not violate *Miller* or *Graham*. *See State v. Michel*, 257 So. 3d 3, 8 (Fla. 2018); *Franklin v. State*, 258 So. 3d 1239, 1241 (Fla. 2018) (explaining that Florida's statutory parole process fulfills the requirement that juveniles be given a meaningful opportunity to be considered for release during their natural life). Based on the change in the law, the State moved for the trial court to rescind its order granting resentencing. The trial court denied the motion. The court, relying on prior decisions from this Court and the supreme court, determined that its order granting resentencing

under rule 3.800(a) was a final order and that it lacked jurisdiction to revisit the order. The State appealed the order, but this Court dismissed the appeal. *State v. Hanks*, 276 So. 3d 275 (Fla. 1st DCA 2019) (unpublished table decision).

A few months later, this Court decided *Rogers v. State*, 296 So. 3d 500 (Fla. 1st DCA 2020) (on motion for rehearing en banc). There, we receded from several decisions addressing the finality of orders granting resentencing and held that an order granting resentencing under rule 3.800(a) is **not** a final, appealable order. *Id.* at 509. Instead, we held that a trial court has inherent authority to reconsider a ruling on a rule 3.800(a) motion any time before it has resentenced the defendant. *Id.*

Following our decision in *Rogers*, the State renewed its motion asking the trial court to rescind its order granting Hanks entitlement to resentencing under rule 3.800(a). The trial court granted the State's motion and rescinded its earlier order. Citing *Michel*, *Franklin*, and *Rogers*, the trial court found that Hanks had no right to resentencing on the first-degree murder charge because it was not an illegal sentence as Hanks' sentence provided the possibility of parole after twenty-five years. As for the armed robbery count, the trial court concluded that Hanks was entitled to be resentenced because he was sentenced to life in prison without the possibility of parole. This timely appeal follows.

*Analysis*

We review de novo the trial court's order summarily denying a postconviction motion. *Anderson v. State*, 303 So. 3d 596, 598 (Fla. 1st DCA 2020).

Hanks advances multiple arguments for reversal of the trial court's order rescinding its decision to grant resentencing on his first-degree murder conviction. We address only his argument that the court could not reconsider its ruling on the rule 3.800(a) motion based on this Court's mandate in the earlier appeal. Hanks asserts that because this Court dismissed the State's appeal of the trial court's order denying the State's motion to rescind the order granting resentencing, the trial court had to resentence him on remand. Hanks argues after the mandate issued following our

3

dismissal of the State's appeal, that decision became law of the case and the trial court could do nothing other than proceed with resentencing. Hanks misapprehends the scope of the mandate.

"The doctrine of the law of the case requires that questions of law **actually decided on appeal** must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) (emphasis supplied). The entire opinion from the previous appeal reads: "Appellee's motion filed February 26, 2019, is granted, and this appeal is dismissed. *See State v. Jackson*, 2019 WL 3282618 (Fla. 1st DCA 2019)." *Hanks*, 276 So. 3d at 275. The mandate instructed the trial court to conduct "further proceedings, if required." Hanks' suggestion that this Court's mandate required the trial court to proceed with resentencing is incorrect. The law of the case here is only that the trial court's order denying the State's motion to rescind its previous order was not an appealable order. This Court never addressed whether the trial court erred when it granted Hanks' rule 3.800(a) motion or whether resentencing was required on remand.

Even so, Hanks argues that he is still entitled to relief based on the supreme court's decisions in *State v. Jackson*, 306 So. 3d 936 (Fla. 2020), and *State v. Okafor*, 306 So. 3d 930 (Fla. 2020). Neither case supports his arguments.

Citing *Jackson*, Hanks contends that the trial court lacked authority to revisit its order granting his rule 3.800(a) motion even though resentencing had not yet occurred. But that case did not address the finality of an order granting resentencing under rule 3.800(a). Rather, there the supreme court held that an order granting in part and denying in part a **rule 3.850 motion** is "final for purposes of appeal" in its entirety because it resolves all the defendant's claims. *Jackson*, 306 So. 3d at 944. Thus, because the State had not appealed or sought rehearing of the order "granting" Jackson's resentencing, the trial court lacked authority to reconsider its ruling. *See id.* Even so, the *Jackson* court pointed out that "rule 3.800(a) differs considerably from rule 3.850" and expressly declined to opine on this Court's holding in *Rogers* that "the trial court has inherent authority to reconsider an order granting a rule 3.800(a) motion if resentencing has not occurred."

4

*Id.* at 943–44 (quoting *Rogers*, 296 So. 3d at 504). Thus, *Jackson* does not support Hanks' argument that the trial court could not reconsider its earlier order granting resentencing. And so the trial court did not err when it relied on *Rogers* to conclude that it could.

*Okafor* does not help Hanks, either. There, the supreme court vacated Okafor's death sentence on direct appeal in 2017 "under the then-applicable rule of *Hurst v. State*, 202 So. 3d 40 (Fla. 2016)" and remanded the case to the trial court. 306 So. 3d at 931–32. Four years later, and before the trial court resentenced Okafor, the supreme court "partially receded from *Hurst* in *State v. Poole*, 297 So. 3d 487 (Fla. 2020)." *Id.* at 931. Based on the change in the law, the State invoked the supreme court's all writs jurisdiction and asked the supreme court to direct the trial court to reinstate Okafor's death sentence or to prevent the resentencing hearing. *Id.* at 932. The supreme court denied the petition and held that because it had vacated Okafor's sentence and remanded for resentencing, there was no sentence until the trial court imposed a new one. *Id.* at 933. That is not the case here. The trial court never vacated Hanks' sentence and neither did this Court when we dismissed the State's appeal of the trial court's order denying the motion to rescind. Unlike Okafor's vacated death sentence, Hanks' sentence remained intact until the trial court resentenced him. *See Rogers*, 296 So. 3d at 509.

Under *Rogers*, the trial court could reconsider its ruling on his rule 3.800(a) motion because resentencing had yet to occur. 296 So. 3d at 507; *Morgan v. State*, 293 So. 3d 1081, 1085–86 (Fla. 2d DCA 2020) (explaining that when a postconviction court grants a motion to correct an illegal sentence but has not yet resentenced the defendant, the order granting the motion is not a final, appealable order and the court retains jurisdiction and may vacate its grant of relief before resentencing), *review granted*, No. SC20-641, 2020 WL 3494396 (Fla. June 29, 2020). And because Hanks' life sentence with the possibility of parole after twenty-five years is not an illegal sentence, we hold that the trial court did not err when it concluded that Hanks had no right to relief under rule 3.800(a) and rescinded its order granting resentencing. *See Michel*, 257 So. 3d at 6–7; *Franklin*, 258 So. 3d at 1241; *see also Melton v. State*, 304 So. 3d 375, 377 (Fla. 1st DCA 2020) (explaining that the law in effect when an appeal is decided controls the issues on appeal).

5

Our holding is consistent with the Florida Supreme Court's recent decision in *State v. Nixon*, SC20-48, 2020 WL 3778705 (Fla. Aug. 26, 2021). There, Nixon filed a motion challenging his death sentence under Florida Rule of Criminal Procedure 3.203, claiming that he was intellectually disabled. *Id.* at *1. Although his earlier motion raising the same claim had been denied, Nixon's successive motion rested on the United States Supreme Court's decision in *Hall v. Florida*, 572 U.S. 701 (2014), rejecting Florida's rule that a defendant had to present evidence of an IQ score of seventy or below to be found intellectually disabled. *Id.*

At first, the trial court summarily denied Nixon's motion. *Id.* at *2. Nixon appealed, and while the appeal was pending, the Florida Supreme Court decided *Walls v. State*, 213 So. 3d 340 (Fla. 2016), holding that *Hall* applied retroactively to cases like Nixon's. *Id.* Based on *Walls*, the supreme court reversed the order summarily denying Nixon's motion and remanded to the trial court "to conduct proceedings to determine whether a new evidentiary hearing is necessary." *Nixon v. State*, No. SC15-2309, 2017 WL 462148, at *2 (Fla. Feb. 3, 2017).

On remand, the trial court conducted an evidentiary hearing, but still determined that Nixon had not shown that he was intellectually disabled. *Nixon*, 2020 WL 3778705 at *3. Nixon appealed again to the supreme court, arguing that the trial court misapplied *Hall* and that the evidence showed he was intellectually disabled. *Id.* The State disagreed with Nixon's view of the evidence, but also argued that the supreme court's intervening decision in *Phillips v. State*, 299 So. 3d 1013 (Fla. 2020), precluded Nixon from obtaining relief under *Hall. Id.* In *Phillips*, the supreme court receded from *Walls* and held that *Hall* does not apply retroactively. *Id.* at *3. The supreme court agreed with the State's argument that Nixon was not entitled to relief under the then-controlling law. *Id.* And the court explained that it had not ignored the law of the case doctrine:

> That doctrine reflects "the long-established 'principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.'" *State v. Okafor*, 306 So. 3d 930, 934 (Fla.

6

2020) (quoting *Delta Prop. Mgmt. v. Profile Invs., Inc.*, 87 So. 3d 765, 770 (Fla. 2012)). But the law of the case doctrine is prudential, and it has exceptions. One "generally accepted occasion for disturbing settled decisions in a case [is] when there has been an intervening change in the law underlying the decision." *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 685 (7th Cir. 2014); *see also Wagner v. Baron*, 64 So. 2d 267, 268 (Fla. 1953) (law of the case doctrine "must give way where there has been a change in the fundamental controlling legal principles" (quoting *Imbrici v. Madison Ave. Realty Corp.*, 99 N.Y.S.2d 762, 765 (Sup. Ct. 1950)). This exception to the law of the case doctrine applies here.

*Id.*

As in *Nixon*, there was an intervening change in the controlling law since the trial court determined that Hanks was entitled to resentencing. *See Michel*, 257 So. 3d at 8; *Franklin*, 258 So. 3d at 1241. For this reason and because it could revisit its earlier ruling on Hanks' rule 3.800(a) motion under *Rogers*, the trial court did not err when it denied Hanks' request for resentencing on his first-degree murder conviction.

AFFIRMED.

B.L. THOMAS and RAY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha R. Herrera, Assistant Attorney General, Tallahassee, for Appellee.