# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-129
Lower Tribunal No. F83-9397
_____

**Randolph Baggett,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Randolph Baggett, in proper person.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, SCALES and LINDSEY, JJ.

PER CURIAM.

Affirmed. See Baggett v. Inch, 349 So. 3d 298 (Fla. 3d DCA 2021); Baggett v. State, 271 So. 3d 1241 (Fla. 3d DCA 2019); Baggett v. State, 150 So. 3d 1151 (Fla. 3d DCA 2014); State v. McBride, 848 So. 2d 287, 290-91 (Fla. 2003) (holding that although res judicata does not prevent a defendant from filing successive 3.800 motions raising new issues, collateral estoppel prevents a defendant from relitigating issues previously presented and decided). See also Franklin v. State, 258 So. 3d 1239, 1241 (Fla. 2018) (acknowledging that in State v. Michel, 257 So. 3d 3 (Fla. 2018), the Florida Supreme Court abrogated Atwell v. State, 197 So. 3d 1040 (Fla. 2016): "As we held in Michel, involving a juvenile homicide offender sentenced to life with the possibility of parole after 25 years, Florida's statutory parole process fulfills Graham's requirement that juveniles be given a "meaningful opportunity" to be considered for release during their natural life based upon "normal parole factors," [Virginia v.] LeBlanc, 137 S.Ct. [1726,] 1729 (2017), as it includes initial and subsequent parole reviews based upon individualized considerations before the Florida Parole Commission that are subject to judicial review. . . .")