DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COLBY MCCOGGLE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1267

[April 10, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 561994CF000615D.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant, Colby McCoggle, appeals the sentence imposed by the trial court upon resentencing from his 1994 conviction for robbery and murder, which he committed while a juvenile. He claims that his due process rights were violated, because the sentence was imposed without his presence and without a full sentencing hearing. Because the trial court had no discretion but to impose his original sentence based upon the decisional law at the time of resentencing, we affirm.

**Background**

In 1994, appellant and three co-defendants committed a robbery during which a victim was shot and killed. Appellant was sixteen years old at the time but was tried as an adult. A jury convicted appellant of first-degree murder and of attempted armed robbery.

For the first-degree murder, the trial court imposed the mandatory sentence of life in prison, with parole eligibility after twenty-five years.

§ 775.082(1), Fla. Stat. (1993) (emphasis added) ("A person who has been convicted of a capital felony **shall** be punished by life imprisonment and **shall** be required to serve no less than 25 years before becoming eligible for parole . . . ."). The trial court also imposed a sentence of ninety-two-and-a-half months for the attempted robbery, to be served consecutively. The judgment and sentence were affirmed on appeal. *McCoggle v. State*, 674 So. 2d 140 (Fla. 4th DCA 1996).

In 2010, the United States Supreme Court decided the case *Graham v. Florida*, 560 U.S. 48 (2010), where the Court held that the Eighth Amendment prohibits life sentences without parole for juvenile nonhomicide offenders. *Id.* at 82. The Court held that "[a] State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." *Id.*

In 2012, the United States Supreme Court expanded upon *Graham* and decided *Miller v. Alabama*, 567 U.S. 460 (2012), holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 465. The Court concluded that a mandatory life sentence did not take into account a juvenile's lessened culpability because of age, nor a juvenile's "capacity for change." *Id.* While the *Miller* court "[did] not foreclose a sentencer's ability to [impose a life sentence without possibility of parole] in homicide cases," the Court did "require [the sentencer] to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480.

In response to *Miller*, the Florida Legislature amended section 775.082 to provide a life sentence for a juvenile who commits a capital crime, or a felony enhanced to a capital felony, but it included a review procedure to determine whether such sentence was appropriate under the circumstances and for a further review after twenty-five years. § 921.1401(1), Fla. Stat. (2014). Although sections 921.1401 and 921.1402 were enacted in July 2014, in *Horsley v. State*, 160 So. 3d 393 (Fla. 2015), our supreme court held that these provisions applied retroactively "to all juvenile offenders whose sentences are unconstitutional under *Miller*." *Id.* at 405.

*Horsley* prompted appellant to file a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, arguing that his mandatory life sentence with parole eligibility after twenty-five years was unconstitutional following *Miller*, and he was entitled to resentencing

under the recently enacted statutes. After appellant filed his motion for resentencing, our supreme court decided *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016), in which the court held that a defendant's life sentence with the possibility of parole after twenty-five years—the same sentence imposed on appellant—was unconstitutional, and the defendant was entitled to a resentencing under the 2014 amendments as contemplated in *Horsley*. *Id.* at 1050. After the *Atwell* decision, the State conceded that appellant was entitled to resentencing. In August 2016, the trial court entered an order granting appellant's motion for relief and setting the case for resentencing. The State did not appeal this order or move for rehearing.

Before the resentencing hearing took place, however, our supreme court decided *State v. Michel*, 257 So. 3d 3 (Fla. 2018), where the court receded from *Atwell* and held that juvenile offenders sentenced to life with possibility of parole after twenty-five years were not entitled to resentencing under *Miller* and the 2014 amendments. *Id.* at 4. The court relied upon *Virginia v. LeBlanc*, 582 U.S. 91 (2017), where the United States Supreme Court held that Virginia's geriatric release program was not an unreasonable application of *Graham*'s rule that a juvenile offender must have a meaningful opportunity to obtain release based on rehabilitation and other factors. *Id.* at 94. Our supreme court then held that Florida's parole system conformed with United States Supreme Court case law, as it provided for individual review and a meaningful opportunity to obtain release:

> [I]f a Virginia juvenile life sentence subject to possible conditional geriatric release after four decades of incarceration based upon the individualized considerations quoted above conforms to current case law from the United States Supreme Court, a Florida juvenile life sentence with the possibility of parole after 25 years does too.
>
> We hold that juvenile offenders' sentences of life with the possibility of parole after 25 years under Florida's parole system do not violate "*Graham's* requirement that juveniles . . . have a meaningful opportunity to receive parole." *LeBlanc*, 137 S. Ct. at 1729. Therefore, such juvenile offenders are not entitled to resentencing under section 921.1402, Florida Statutes.

*Michel*, 257 So. 3d at 7–8 (internal citations omitted). Shortly thereafter, in *Franklin v. State*, 258 So. 3d 1239 (Fla. 2018), our supreme court further distanced itself from *Atwell* and firmly held that a life sentence with the possibility of parole did not violate the Eighth Amendment. *Id.* at 1241

("As in *Michel*, because Franklin's sentences include eligibility for parole there is no violation of the categorical rule announced in *Graham*.").

The State filed opposition to resentencing appellant, arguing that based upon *Michel*, appellant was not entitled to resentencing, because life with the possibility of parole did not violate the principles of *Miller*. Appellant pointed out that because the trial court had granted resentencing and the State had not appealed that order, he was entitled to the resentencing, citing *Taylor v. State*, 140 So. 3d 526, 528 (Fla. 2014) ("[A]n order disposing of a [rule 3.850] postconviction motion which partially denies and partially grants relief is a final order for purposes of appeal, even if the relief granted requires subsequent action in the underlying case, such as resentencing."). The State conceded that resentencing was therefore required.

The State's memorandum for the resentencing hearing argued that appellant's resentencing did not have to conform to *Miller* and the 2014 statutory amendments, because in *Michel*, the supreme court held that a juvenile offender's sentence of life in prison with possibility of parole after twenty-five years did not violate the Eighth Amendment, and that juveniles who received such a sentence were not entitled to resentencing under section 921.1402. *See Michel*, 257 So. 3d at 4. The State cited *Garner v. State*, 310 So. 3d 484 (Fla. 2d DCA 2020), which under similar circumstances as this case, held that a defendant is entitled to resentencing, but the sentence may be the same as the original sentence, because the decisional law at the time of resentencing applies. *Id.* at 485. Thus, the State argued that because appellant's original sentence was not unconstitutional under the current decisional law, and because that sentence was mandatory by statute, appellant must be resentenced to the same sentence which he originally received.

After a status conference in August 2022, the trial court concluded that *Michel* applied, and appellant's original sentence was constitutional. Therefore, the trial court was limited to the ministerial act of reimposing the same sentence.

In May 2023, the trial court issued a written resentencing order, resentencing appellant to life in prison with a minimum of twenty-five years before parole eligibility. The trial court reasoned that because section 775.082(1), Florida Statutes (1993), imposed a mandatory sentence of life in prison with at least twenty-five years served before parole eligibility, and because that statute did not violate *Miller*, the statute was constitutional, and the court was required to reimpose appellant's original sentence. The trial court also wrote that because the court had no

discretion, appellant's presence was not required for resentencing. In an amended order, the trial court credited appellant for time served and noted that he was now eligible for parole. Appellant now appeals.

## Analysis

Appellant contends that the trial court denied him due process by failing to conduct a full resentencing hearing and sentencing him without his presence. If appellant was entitled to a full de novo hearing as he argues, the deprivation of such a hearing would amount to fundamental error. *See Dean v. State*, 294 So. 3d 350, 354 (Fla. 4th DCA 2020) (quoting *Jackson v. State*, 880 So. 2d 1241, 1243 (Fla. 1st DCA 2004)) ("Because the deprivation of the right to due process constitutes fundamental error, a harmless error review is not appropriate."). Whether a trial court violated a defendant's due process rights is an issue of law reviewed de novo. *Norvil v. State*, 191 So. 3d 406, 408 (Fla. 2016).

In *State v. Fleming,* 61 So. 3d 399, 408 (Fla. 2011), the supreme court explained the due process requirements on resentencing:

> [W]hen a sentence is vacated, the defendant is resentenced at a new proceeding subject to the full panoply of due process rights, and . . . the decisional law in effect at the time of a de novo resentencing or before that resentencing is final applies to those proceedings and the issues raised on appeal.

Thus, while appellant was entitled to the "full panoply of due process rights" at resentencing, the decisional law in effect at his resentencing applied to the proceeding. *Id.* Under the effective decisional law when appellant was resentenced, sentencing a juvenile to life in prison with the possibility of parole is not unconstitutional. *Michel*, 257 So. 3d at 8; *Franklin*, 258 So. 3d at 1241.

Accordingly, because it was not unconstitutional, section 775.082(1), Florida Statutes (1993), was the applicable sentencing statute for appellant's offense committed in 1994. That statute provided a capital offender "shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole." § 775.082(1), Fla. Stat. (1993). Therefore, following the decisional law at the time of resentencing, the trial court had no option but to impose the original 1994 sentence of life in prison, with at least twenty-five years served before parole eligibility.

A full resentencing hearing is not necessary when the resentencing is a ministerial act. *See Dougherty v. State*, 785 So. 2d 1221, 1223 (Fla. 4th DCA 2001) ("The imposition of a sentence is a crucial stage at which the defendant is entitled to be present. An exception is made in resentencing cases where all that is required on remand is a ministerial act of sentence correction."); *Lecroy v. State*, 954 So. 2d 747, 748 (Fla. 4th DCA 2007) (holding that defendant was not entitled to resentencing hearing where the trial court had no jurisdiction in the sentence following a supreme court mandate).

As our supreme court provided in *Jordan v. State*, 143 So. 3d 335 (Fla. 2014):

> "[R]esentencing a defendant in his absence will be harmless where it involves only a ministerial act." [*Orta v. State*, 919 So. 2d 602, 604 (Fla. 3d DCA 2006]; [*Acosta v. State*, 46 So. 3d 1179, 1180 (Fla. 2d DCA 2010)] (explaining that the right of presence does not exist where the resentencing "concerns issues that are purely ministerial in nature"). . . . "A defendant will receive a new sentencing hearing if the resentencing involves additional consideration or sentencing discretion, not if the act to be done is ministerial in nature, such as striking an improper portion of the sentence." *Mullins v. State*, 997 So. 2d 443, 445 (Fla. 3d DCA 2008). Therefore, a resentencing at which the trial judge has judicial discretion is not a ministerial act.

*Id.* at 339.

Thus, where resentencing does not involve the consideration of any additional evidence, and where the trial court does not have any discretion in the new sentence it imposes, resentencing is a ministerial act. That is the case for appellant's resentencing. The trial court did not have any discretion and was required to impose the original sentence. Under this circumstance, appellant was not entitled to a full de novo resentencing hearing.

Appellant argues that at a de novo resentencing hearing, the trial court would have discretion to consider whether the parole system did not provide him a meaningful opportunity for release. However, in *Franklin*, our supreme court wrote:

> As we held in *Michel*, involving a juvenile homicide offender sentenced to life with the possibility of parole after 25 years,

> *Florida's statutory parole process fulfills Graham's requirement that juveniles be given a "meaningful opportunity" to be considered for release during their natural life based upon "normal parole factors," LeBlanc, 137 S. Ct. at 1729, as it includes initial and subsequent parole reviews based upon individualized considerations before the Florida Parole Commission that are subject to judicial review, Michel, 257 So. 3d at 6 (citing §§ 947.16-.174, Fla. Stat.).*

258 So. 3d at 1241 (emphasis supplied). Because the supreme court has already determined the issue, the trial court did not have the discretion to ignore *Franklin's* holding.

### Conclusion

Although appellant was entitled to resentencing after the trial court granted his rule 3.850 motion based upon *Atwell*, once *Michel* and *Franklin* were decided, appellant's original sentence was constitutional. At appellant's resentencing, not only did the trial court have no discretion, but neither the State nor appellant had any burden to establish any fact needed to complete resentencing. This sentencing was truly ministerial, and the trial court did not err in imposing the original sentence again without a full sentencing hearing.

*Affirmed.*

LEVINE and ARTAU, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***