FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2823
_____

JAMES PATRICK BONIFAY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

May 28, 2025

OSTERHAUS, C.J.

    James Patrick Bonifay appeals his resentencing on the homicide and other crimes that he committed as a juvenile. He argues that the consecutive sentences imposed by the trial court under §§ 921.1401 and 921.1402, Florida Statutes, constitute cruel and unusual punishment under the United States Supreme Court's Eighth Amendment jurisprudence. He also challenges the trial court's finding regarding remorse. We affirm.

I.

    In January 1991, when Appellant was seventeen years old, he robbed and murdered a clerk at an auto parts store. *See Bonifay v. State*, 626 So. 2d 1310 (Fla. 1993). As "the victim was lying on the floor begging for his life and talking about his wife and children[,]

Bonifay told him to shut up and shot him twice in the head." *Id.* at 1311. A jury subsequently convicted Appellant of first-degree murder, armed robbery, and grand theft. And the trial court sentenced him to death.

Fourteen years later, in 2005, the United States Supreme Court outlawed death penalty sentences for juvenile offenders. *Roper v. Simmons*, 543 U.S. 551 (2005). Consequently, the Florida Supreme Court vacated Appellant's death sentence. *See Bonifay v. State*, 909 So. 2d 861 (Fla. 2005) (table). The Court instructed the trial court to impose a life sentence with parole eligibility after twenty-five years on Appellant's first-degree murder conviction.

Seven years later, in another juvenile sentencing case, the United States Supreme Court forbade mandatory life sentences without the possibility of parole. *Miller v. Alabama*, 567 U.S. 460, 479 (2012). In turn, the Florida Supreme Court effectively declared Florida's prior life sentencing scheme unconstitutional as to juvenile offenders. *See Atwell v. State*, 197 So. 3d 1040 (Fla. 2016), *abrogated by Franklin v. State*, 258 So. 3d 1239 (Fla. 2018). And the Florida Legislature enacted §§ 921.1401 and 921.1402, Florida Statutes, to provide juvenile offenders with individualized sentencing consideration consistent with *Miller*. *See* Ch. 2014-220, §§ 1–3, Laws of Fla. The upshot of all this for Appellant was another resentencing.

Appellant's second resentencing, this time under the new laws, occurred in 2023. After hearing individualized testimony, the trial court sentenced Appellant to life in prison with review after fifteen years on the first-degree murder conviction; a consecutive forty-year sentence with review after twenty years on the armed robbery conviction; and a mandatory five-year sentence on the grand theft conviction, running consecutive to the other sentences. Appellant then appealed. He also filed a Rule of Criminal Procedure 3.800(b) motion arguing that his consecutive sentences were unconstitutional, which the trial court rejected.

## II.

Now, on appeal, Appellant makes a constitutional argument that his consecutive sentences deny him a meaningful opportunity

for release during his lifetime, which constitutes cruel and unusual punishment under the Eighth Amendment.

A.

The Eighth Amendment's prohibition of cruel and unusual punishment applies to the States through the Fourteenth Amendment's Due Process Clause. *Graham v. Florida*, 560 U.S. 48, 53 (2010). The Florida Constitution requires courts to construe the State's prohibition against cruel and unusual punishment in conformity with decisions of the United States Supreme Court. Art. I, § 17, Fla. Const.

Since 2000, the United States Supreme Court has construed the Eighth Amendment to restrict juvenile sentencing in several seminal cases. After *Roper* outlawed the death penalty for juvenile offenders in 2005, the Court, in 2010, held in *Graham* that the Eighth Amendment also forbids life-without-parole sentences for non-homicide offenses committed by juveniles. 560 U.S. at 74. Noting differences in culpability and maturity between juveniles and adults, the Court concluded that "[a] State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants . . . some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* at 75.

The Supreme Court added to this jurisprudence two years later in *Miller*. There, the Court held that *mandatory* life sentences without the possibility of parole for juvenile homicide offenders violate the Eighth Amendment. *Miller v. Alabama*, 567 U.S. 460, 479 (2012). The Court did not foreclose a sentencing court from exercising discretion and imposing a life sentence without parole on a juvenile homicide offender so long as the defendant's youth was considered at sentencing. *Id.* at 479–80.

In response to *Graham* and *Miller*, the Florida Legislature amended Florida law by passing §§ 921.1401 and 921.1402. These new statutes created a procedure for trial courts to determine if a life sentence is appropriate for juvenile offenders, as well as established a review process for longer-term sentences wherein

3

juvenile offenders could demonstrate their rehabilitation and fitness to reenter society. §§ 921.1401–.1402, Fla. Stat.

B.

The constitutionality of a sentence is reviewed de novo. *Marshall v. State*, 277 So. 3d 1149, 1150 (Fla. 1st DCA 2019).

Appellant argues that his consecutive sentences violate constitutional limitations on juvenile sentencing set forth in *Miller* and *Graham* by rendering illusory the § 921.1402 review of his murder sentence. According to Appellant, even if he is found at the fifteen-year review to be rehabilitated and fit to reenter society, he will still need to serve at least twenty-five more years in prison on the remaining two counts—twenty years for the armed robbery conviction and five more years for the grand theft conviction. Thus, Appellant argues that his sentences impose cruel and unusual punishment because he cannot avoid serving at least forty years even if he is rehabilitated and considered fit to reenter society.

In support of his argument Appellant cites the Second District's decision in *Mack v. State*. In that case, the court sentenced Elijah Mack under § 921.1401 to concurrent life sentences for murder and burglary convictions as well as to a consecutive life sentence for a sexual battery conviction. *Mack v. State*, 313 So. 3d 694, 695 (Fla. 2d DCA 2020). Mack was entitled to a review of his murder conviction after twenty-five years and a review of his other convictions after twenty years. *Id.* The Second District held this sentence structure to be unconstitutional. *Id.* at 696. The court interpreted *Graham* and *Miller* to "hold that the Eighth Amendment precludes sentencing a juvenile offender to life imprisonment without some meaningful opportunity for the offender to obtain release based on demonstrated maturity and rehabilitation." *Id.* at 695. The Second District reasoned that Mack's consecutive life sentence for a nonhomicide crime served no penological purpose and prevented Mack from a meaningful opportunity for release from his murder and burglary sentences. *Id.* at 696.

The Fourth District, however, reached the opposite conclusion in a similar case, *Johnson v. State*, 384 So. 3d 213 (Fla. 4th DCA

4

2024), *rev. granted*, SC2024-0380, 2024 WL 3169167 (Fla. June 25, 2024). There, the juvenile offender was convicted of one count of first-degree murder and two counts of attempted first-degree murder. 384 So. 3d at 214–15. Johnson was sentenced to life in prison for each count, with the two attempted murder convictions set to run consecutively to the first-degree murder conviction. *Id.* at 216. Johnson was entitled to review after twenty-five years for his murder conviction and then review again twenty-five years after beginning his attempted murder sentences. *Id.* The Fourth District held that this consecutive sentence structure did not constitute cruel and unusual punishment. *Id.* at 218–19.

We agree with the result in *Johnson* and see no constitutional problems with Appellant's sentences here. Juveniles who have committed *homicide* offenses, such as Appellant, Mack, and Johnson, are not constitutionally required by *Graham* to be given a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham*, 560 U.S. at 75. *Graham* explicitly applied this language only to nonhomicide crimes. *Id. Miller*, by contrast, did not extend the same review requirement to juvenile homicide offenders. Instead, it dealt with mandatory life sentences for juveniles who committed homicide offenses. It held that a state couldn't impose a *mandatory* life without parole sentence in juvenile homicide crimes. 567 U.S. at 479. In doing so, it didn't totally outlaw life sentences without parole for juveniles. Rather, it required sentencing courts to exercise discretion before imposing life sentences and to consider age-based factors. *Id.* at 479–80. Juvenile homicide offenders are thus constitutionally entitled to discretionary sentencing before a life without parole sentence is imposed by the sentencing court. Nothing in this Eighth Amendment jurisprudence, however, entitles these homicide offenders to a meaningful opportunity for release. *Cf. Jones v. Mississippi*, 593 U.S. 98, 105 (2021) (finding "[i]n a case involving an individual who was under 18 when he or she committed a homicide, a State's discretionary sentencing system is both constitutionally necessary and constitutionally sufficient.").

Circling back then to Appellant's argument, *Graham*'s "meaningful opportunity for release" parameter does not apply to juvenile offenders who commit homicide offenses like Appellant.

5

And in *Miller*, a homicide-offender case, the United States Supreme Court only required discretionary, individualized sentencing as a condition to life without parole sentencing. Thus, here, because the trial court engaged in *Miller*-consistent, individualized sentencing of Appellant's homicide crime under § 921.1401, the structure of his various sentences and reviews does not run afoul of the Eighth Amendment.

Finally, we reject Appellant's argument that the trial court abused its discretion at sentencing by finding against him on the issue of remorse. Competent, substantial evidence supported its finding.

III.

AFFIRMED.

LEWIS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Candice K. Brower, Regional Counsel, and Melissa Joy Ford, Assistant Regional Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Tallahassee, and Amanda Kathryn Edge, Assistant Regional Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Pensacola, for Appellant.

James Uthmeier, Attorney General, and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.